UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACHUCO ANTHONY AGBALOG, | No. C 08-0218 SI |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY HEDGPETH, | |
| Respondent. | |

Pachuco Anthony Agbalog, a prisoner at Kern Valley State Prison in Delano, California, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to Agbalog's petition, he was convicted in Santa Clara Superior Court of rape by force and unlawful sexual intercourse. He was sentenced on September 2, 2005, to 17 years in prison. He appealed his conviction to the state court of appeal, which affirmed his conviction in 2006. Agbalog apparently did not appeal to the California Supreme Court and has not filed any state habeas petitions.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Before reaching the question whether petitioner's underlying claims warrant a response from the state, the Court notes that the petition may be procedurally flawed because it appears petitioner has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Court therefore orders petitioner to show cause why his habeas petition should not be dismissed for failure to exhaust the remedies available to him in the state courts. In so doing, petitioner should pay close attention to the filing deadlines, as a one-year limitations period applies to his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

For the foregoing reasons, **petitioner** must file and serve upon respondent, on or before **March 28, 2008**, a brief showing cause why his habeas petition should not be dismissed for failure to exhaust his state court remedies.

**IT IS SO ORDERED.**

DATED: February 25, 2008

_____
SUSAN ILLSTON
United States District Judge

2